**UNITED STATES, Appellee,**

**v.**

**Specialist Four Franklyn McKNIGHT, SSN 250–13–8327, United States Army, Appellant.**

**CM 441341.**

U. S. Army Court of Military Review.

30 June 1982.

Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Judson W. Roberts, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of larceny, absence without leave, and making a false official statement, in violation of Articles 121, 86 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 886 and 907, respectively. His approved sentence provides for a dishonorable discharge, confinement at hard labor for two years, total forfeitures, and reduction to Private E–1.

The appellant now contends that his plea of guilty to making a false official statement in violation of Article 107 was improvident, because he made the statement while he was being interrogated as a suspect.

The appellant worked for three months as a confidential informant for the CID, during which time he was provided government funds to make purchases of drugs from suspected dealers. On 14 occasions he kept all or part of the funds and substituted bogus drugs for those he had purchased. When the CID began receiving reports from the laboratory reflecting that the substances turned in by the appellant were not controlled substances, the appellant was called in for questioning, advised of his rights as a suspect, and asked by a CID agent if he had substituted bogus drugs for the drugs he had purchased. The appellant stated that he had not. His denial is the basis for the charge of making a false official statement.*

■ False statements by suspects are not punishable under Article 107 unless the suspect has an independent official obligation to speak. *United States v. Collier*, 23 U.S. C.M.A. 173, 48 C.M.R. 789 (1974). The government's theory at the trial and on appeal is that the appellant had an independent official obligation to account for his use of CID funds, making his responses during interrogation "official."

■ We hold that the guilty plea was improvident. The appellant had a duty to account for the CID funds, but he had already rendered his account prior to his interrogation. The interrogation was not a means of obtaining an accounting which had not yet been rendered, but rather was an investigation triggered by a suspicion that the appellant had rendered a false account. We conclude that at the time of this interrogation the appellant had no independent official obligation to speak. Accordingly, his pleas of guilty to a violation of Article 107 were improvident. *See United States v. Thomas*, 10 U.S.C.M.A. 54, 27 C.M.R. 128 (1958); *United States v. Osborne*, 9 U.S.C.M.A. 455, 26 C.M.R. 235 (1958).

■ The findings of guilty of Charge III and its specification are set aside, and those charges are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for 20 months, total forfeitures, and reduction to Private E–1.

Judge O'DONNELL concurs.

Senior Judge CARNE absent.

---

* Although the appellant made his denial in a sworn statement, he was not charged with false swearing. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 213*f*(4); *United States v. Claypool*, 10 U.S.C.M.A. 302, 27 C.M.R. 376 (1959).